[No. 3,503.]

## MERRILL *v.* TENYCK et al.

Motion to Amend Statement.—If the statement filed on motion for a new trial contains no specification of errors, and a new trial is denied, and the moving party then moves to be allowed to amend the statement by adding such specification, and the motion is denied, the action of the Court in denying such motion cannot be reviewed by a bill of exceptions inserted in the transcript on appeal from the order denying a new trial.

Appeal from the District Court of the Fourteenth Judicial District, County of Placer.

The action was ejectment, and defendant had judgment by nonsuit. The plaintiff moved for a new trial, and the

statement on motion for new trial represents that the plaintiff claimed title under a deed which describes the premises in suit as follows: "That certain house built by Joseph Schmidt in 1860, and bounded on the east by the Union Quartz mill and a tunnel running from it in a northerly direction; on the north by a ditch used by the Bear River Ditch Company; on the west in a direct line to the west end of Charles Burgamen's house, extending from the northwest quarter of said house to Walter's fence; and on the south by Walter's fence to the place of beginning; together with all and singular the tenements, hereditaments, and appurtenances thereunto belonging." The bill of exceptions states that after the motion for a new trial had been denied, and after the notice of appeal had been filed, the plaintiff asked leave of the Court to add to the statement an assignment of error on the part of the Court in granting the nonsuit. The motion was refused, and the plaintiff, on his appeal, attempts by a bill of exceptions to present for review the action of the Court in refusing the motion.

*D. W. Spear* and *Jo Hamilton*, for Appellant.

*Fellows & Norton*, for Respondent.

By the COURT:

The appellant complains here that she was nonsuited because the premises described in the deed of Matson to herself, and to McLellan and wife, in the opinion of the Court below, conveyed only the house built by Joseph Schmidt in 1860. Did this appear by the record to be the case, and were the ruling of the Court below in that respect so presented that we could properly consider it, we would certainly find much difficulty in sustaining the judgment of nonsuit. But in the statement on appeal there is no attempt at a specification of errors, and the action of the Court below in

refusing leave to add a specification after the motion for a new trial had been denied, even if to be reviewed at all, could not be presented by a bill of exceptions, as here attempted.

Judgment affirmed: